IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ELBERT SIMS, #217355,                )
                                     )
        Petitioner,                  )
                                     )
                                     )   CASE NO. 2:12-CV-300-WHA
                                     )            [WO]
                                     )
BETTINA CARTER, et al.,              )
                                     )
        Respondents.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Elbert Sims ["Sims"], a state inmate, on April 2, 2012.[1]  In this petition, Sims challenges a conviction for murder imposed upon him by the Circuit Court of Chilton County, Alabama in April, 2001.

Sims filed an appeal of his murder conviction in which he argued that the State failed to present sufficient evidence of his intent to kill the victim and did not adequately refute the inference of self-defense. The Alabama Court of Criminal Appeals issued a memorandum opinion on December 14, 2001, affirming Sims' conviction.  Sims filed a

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11ᵗʰ Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11ᵗʰ Cir. 1993).  Although the court received the instant habeas petition on April 3, 2012, the petition indicates that Sims submitted the petition for mailing on April 2, 2012. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 15.  In light of the foregoing, the court considers April 2, 2012 as the date of filing.

petition for writ of certiorari which the Alabama Supreme Court denied on March 22, 2002, and the Alabama Court of Criminal Appeals issued the certificate of judgment on this same date.  *See Respondents' Exhibit B - Doc. No. 7-2* at 2.  Sims did not seek further review of his murder conviction and the conviction therefore became final by operation of law on June 20, 2002.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Sims' murder conviction became final in 2002 -- after the effective date of the statute of limitations -- Sims must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction action related to the conviction remained pending in the state courts.  The respondents acknowledge that Sims filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, on April 19, 2011.  The Alabama Court of Criminal Appeals determined that the Rule 32 petition was not timely filed.  *Respondents' Exhibit B - Doc. No. 7-2* at 2-3 ("Sims's petition was filed over nine years after his conviction and sentence were final, long after the [one-year period of] limitations ... applicable to his [Rule

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

32 petition] had expired.").[3]  Thus, the Rule 32 petition failed to toll the federal limitations period because Sims filed the Rule 32 petition after expiration of the limitations period directed by state law and, therefore, the petition was not "properly filed" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling its one-year period of limitation.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)]*, which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' ...  For these reasons, we hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th

---

[3]Under state law, Sims had one year from August 1, 2002, to file a state post-conviction action challenging his murder conviction.  Rule 32.2(c), *Alabama Rules of Criminal Procedure*, Comment of the Alabama Supreme Court ("The triggering date for calculating the timeliness of a postconviction petition pursuant to Rule 32, Ala.R.Crim.P., is either the date on which the Court of Criminal Appeals issues its certificate of judgment, or if no appeal is taken, the date upon which the time for filing an appeal lapses.... The effective-date language [of the 2002 amendment to Rule 32.2 amending the limitations period from two years to one year] shall be interpreted to mean ... that defendants in cases in which the triggering date occurs during the period beginning August 2, 2001, and ending July 31, 2002 shall have one year from August 1, 2002, within which to file a postconviction petition pursuant to Rule 32....").

Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").  In addition, Sims' Rule 32 petition was filed after expiration of the federal limitation period. Consequently, the petition did not statutorily toll the one-year period of limitation because it was not "pending" as required by the directives of 28 U.S.C. 2244(d)(2) to warrant statutory tolling. *Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d at 1381 ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

The respondents also maintain that Sims is not entitled either to statutory or

equitable tolling of the limitation period for the amount of time necessary to render the instant petition timely filed. *Respondents' Answer - Court Doc. No. 7* at 6. With respect to Sims' assertion that he is actually innocent because his intoxication/drug use rendered him incapable of forming the requisite intent to commit murder, the respondents argue that this claim is one of legal innocence, not factual innocence, a claim which fails to establish actual innocence under the standard established by federal law. *Id*. at 8; *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995). The respondents further argue that Sims' claim of innocence merely represents a theory of defense which was available to him at the time of his trial and, therefore, is not newly discovered evidence of actual innocence necessary to exclude application of the time bar. *Respondents' Answer - Court Doc. No. 7* at 8.

Under the circumstances set forth herein, the one-year period of limitation mandated by § 2244(d)(1)(A) began to run on June 21, 2002[4] and ran uninterrupted until it expired on June 23, 2003.[5] Sims filed his federal habeas petition in this court on April 2, 2012. The respondents maintain that Sims' federal habeas petition is due to be dismissed as untimely because it was filed almost nine years after expiration of the applicable limitations

---

[4]In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

[5]Since expiration of the limitations period fell on June 21, 2003, a Saturday, the one-year period of limitation expired the following Monday. Rule 6(a)(1)(C), *Federal Rules of Civil Procedure* ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

period.  *Respondents' Answer - Doc. No. 7* at 5-8.

Based on the foregoing, the court entered an order advising Sims that he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1).  *Order of April 26, 2012 - Doc. No. 9.*  This order also provided Sims an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed.  In his response to this order, Sims asserts that "[i]n 2001 [counsel] told me [he] appealed my conviction.  Me and [counsel] had contact over the phone until 2003. [Subsequent] letters [sent to counsel] were returned to sender." *Petitioner's Response - Doc. No. 9* at 3.  Sims maintains that he then sent letters to the circuit court and trial judge from 2003 until 2009 seeking information but received no response.  *Id.*  Sims argues that he should be allowed equitable tolling of the limitation period until he filed his initial post-conviction petition because, although he remained in contact with counsel through 2003, counsel did not advise him of the status of his appeal. *Id.*  Sims also seeks equitable tolling from 2003 until 2009 due to the trial court's alleged failure to respond to letters seeking information regarding his case.  *Id.*  Sims does not allege that he undertook any other action regarding his case during this period of time, but asserts that in 2009 he "started researching [the] issues in the Law Library" in preparation to file post-conviction challenges to his murder conviction.  *Id.*  Sims maintains that counsel "did not [file an] appeal ... so the Petitioner does show to this court an Extraordinary Circumstance[] prevented him from filing an appeal." *Id.* at 2. Finally, Sims

6

contends that the action or inaction of trial counsel during the direct appeal process allowed the federal limitations period to expire. *Id*. at 3.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as Sims failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Gateway to Excuse Time Bar

Sims maintains that he is actually innocent of murder because his intoxication and use of pain medication on the day of the offense prevented him from forming the requisite intent for murder.  Sims argues that, based on his lack of intent to kill the victim, the crime he committed constituted only manslaughter.  Sims also asserts that he is actually innocent because his confession was inadmissible and his attorney provided ineffective assistance in not seeking suppression of his statement.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [to obtain federal review of a habeas petition filed] after expiration of the statute of limitations....  [T]enable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or the judge accepting his plea], acting reasonably would have

7

[found] him guilty beyond a reasonable doubt.' [*Schlup v. Delo*, 513 U.S. 298, 339 (1995)]; [*House v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is 'demanding' and seldom met). And in making an assessment of the kind *Schlup* envisioned, 'the timing of the [petition]' is a [relevant] factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence. *Schlup*, 513 U.S. at 332, 115 S.Ct. [at] 851.... [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a petitioner's part ... as a factor in determining whether actual innocence has been shown." *McQuiggin v. Perkins*, ___ U.S. ___, at ___,133 S.Ct. 1924, 1928 (2013).

The actual innocence exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley   v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted [and/or time barred] claims." 547 U.S. at 537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence'

8

means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324 (emphasis added).

On direct appeal, the Alabama Court of Criminal Appeals detailed the evidence presented against Sims as follows:

... [O]ne evening in late August or early September of 1999, Robert Dale Griffin smoked crack with the victim, Judy Dorough, and then drove her to her boyfriend's trailer so that she could obtain more drugs.  Griffin did not see the victim again after that evening.  Dorough's father did not report the victim missing because she had disappeared on previous occasions.  In late September, the Chilton County Sheriff's Department received an anonymous call identifying a site where Dorough's body might be located.  The caller also identified the appellant, Dorough's boyfriend, as a suspect in her death. Investigators subsequently found the body at the described location and obtained a statement from the appellant.  The appellant said that Dorough had come to his trailer, apparently drunk, and had begun throwing things and hitting and scratching him.  They fell onto the floor, with Dorough on top, and he grabbed her by the throat to get her off of him. They struggled,

and she collapsed and died.  [The appellant indicated he killed the victim by accident.]  He went to his friend Greg Campbell in a panic, and the two of them drove the body to Campbell's hayfield.  Campbell buried the body and later told the appellant that he had poured concrete over the grave so that it would not be found. Campbell's testimony at trial conflicted with the appellant's statement. Campbell said that the appellant came to his house about 2:00 or 2:30 a.m. and asked to borrow a pick and shovel. The next morning, the appellant told him that he had "beat," "grabbed" and "choked" the victim the previous night and had killed her.  Approximately a week later, the appellant told Campbell that he had buried the victim's body on Campbell's property.

*Respondents' Exhibit A - Doc. No. 7-1* at 1-2.  The Alabama Court of Criminal Appeals determined that despite Sims' alleged intoxication and ingestion of a pain pill, "the State's evidence was sufficient for the jury to infer that the appellant intended to cause the victim's death. The appellant admitted to Greg [Campbell] that he had beaten and choked the victim. The medical examiner testified that strangulation was the cause of Dorough's death.... [T]he jury could infer that the appellant's choking the victim to death gave rise to the inference that he intended to cause her death." *Id*. at 2.

The arguments presented by Sims regarding his intoxication and drug use prior to the offense do not constitute "new reliable evidence" of his actual innocence, nor has Sims demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).[6]

---

[6]In addition, any independent claim of actual innocence provides no basis for relief in this cause of action. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

### B. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The pertinent part of the statute directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute

of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

The Circuit Court of Chilton County convicted Sims of murder in April of 2001 and thereafter imposed sentence upon Sims for this conviction. Sims filed a direct appeal of his murder conviction and the Alabama Court of Criminal Appeals affirmed the conviction by memorandum opinion on December 14, 2001. The appellate court subsequently overruled Sims' application for rehearing. The Alabama Supreme Court denied Sims' petition for writ of certiorari and the Alabama Court of Criminal Appeals issued the certificate of judgment on March 22, 2002. Sims did not further appeal his murder conviction. By operation of law, Sims' murder conviction became final on June 20, 2002 -- ninety days after issuance of the certificate of judgment -- as this is the date on which the time expired for Sims to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A),

until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).  Under these circumstances, the one-year period of limitation contained in section 2244(d)(1)(A) began to run on June 21, 2002.

1.  **Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  It is undisputed that Sims failed to file an application for post-conviction relief or collateral review in the state courts challenging his conviction prior to expiration of the federal period of limitation. Thus, Sims is not entitled to statutory tolling of the limitations period.  *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Thus, the federal period of limitation began to run on June 21, 2002 and, absent equitable tolling, the time allowed Sims for filing a federal habeas petition expired on June 23, 2003.

2.  **Equitable Tolling.**  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and

13

unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).  Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Sims argues that he is entitled to equitable tolling of the limitation period until the time he filed his Rule 32 petition due to counsel's failure to appeal his conviction and/or counsel's failure to advise him of the status of the appeal. *Petitioner's Response - Doc.*

14

*No. 9* at 3.  Sims also alleges that he is entitled to equitable tolling from 2003 until 2009

because the trial court failed to respond to letters from him seeking the status of his case.

*Id*. 3.  Sims, however, presents no evidence in support of this conclusory assertion.

The record establishes that counsel filed an appeal of Sims' murder conviction and

proceeded on the appeal through the state courts until issuance of the certificate of

judgment on March 22, 2002, a date which occurred during the period of time counsel was

corresponding with Sims.  Moreover, it is clear that neither the lack of advice from counsel

on the status of his appeal nor the lack of correspondence from the trial court adversely

affected Sims' ability to file a federal habeas petition prior to expiration of the one-year

period of limitation.  Specifically, the actions or inactions of the state court and trial

counsel referenced by Sims did not actually prevent Sims from filing a timely habeas

petition and, therefore, do not constitute extraordinary circumstances warranting equitable

tolling. Moreover, Sims acknowledges that he had access to the law library upon his

incarceration and simply failed to undertake any action regarding post-conviction relief

until sometime in 2009 when he "started researching [his] issues...." *Petitioner's Response*

*- Doc. No. 9* at 3.  Sims also concedes that he did not seek any information from the

Alabama Court of Criminal Appeals as to the status of his appeal despite being advised by

counsel that an appeal had been filed.  Thus, in addition to failing to establish the existence

of extraordinary circumstances necessary to secure equitable tolling, Sims likewise fails

to demonstrate he exercised reasonable diligence in pursuing his § 2254 petition prior to

15

expiration of the limitation period as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565.  Sims has presented nothing to this court which would warrant equitable tolling for the numerous years  necessary to render the instant petition timely filed as he has failed to establish that an outside impediment interfered with his ability to file a federal habeas petition and prevented him from proceeding before this court on his claims for federal habeas relief.[7]

The record is devoid of evidence that Sims' almost ten-year delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of reasonable diligence.  *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).  Under the circumstances of this case, the court "cannot say that [Sims] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Thus, Sims is not entitled to equitable tolling of the limitation period. *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v. Secretary for Dept. Of*

---

[7]Even if this court were to allow equitable tolling of the limitations period until sometime in 2009 as requested by Sims, his federal petition remains untimely. Assuming equitable tolling until the end of 2009, the latest date on which the state and federal limitations periods would have begun to run was January 1, 2010. Sims alleges no additional basis for equitable or statutory tolling after 2009 thereby resulting in expiration of these time periods in January of 2011. Sims filed his Rule 32 petition on April 19, 2011, and his federal habeas petition on April 2, 2012, each outside the applicable period of limitation.

*Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

**3.  Expiration of the Limitation Period**.  Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on June 23, 2003.  Sims filed his petition for federal habeas relief on April 2, 2012.  Sims has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed. In light of the foregoing, the court concludes that the instant petition for habeas corpus relief is due to be denied as Sims filed the petition after expiration of the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas relief filed by Elbert Sims be DENIED as it was not filed within the one-year period of limitation required by 28 U.S.C. § 2244(d)(1).

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before October 16, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

18